# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3297 | **DATE** | 9/19/2002 |
| **CASE TITLE** | USA ex rel LAZERIC GIVENS vs. JOHN C. BATTLE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION ORDER: Petitioner Givens' petition for a writ of habeas corpus is denied and this case is dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | SEP 20 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED

SEP 2 0 2002

| UNITED STATES ex rel. LAZERIC GIVENS, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) No. 02 C 3297 |
| | ) Paul E. Plunkett, Senior Judge |
| JOHN C. BATTLE, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Lazeric Givens has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § ("section") 2254 challenging his state criminal conviction and sentence. For the reasons set forth below, the petition is denied and this case is dismissed.

## Procedural Background

In 1998, Givens was convicted of robbery and aggravated battery. He was sentenced to concurrent prison terms of twenty-eight and ten years, respectively, for those crimes. (See Gov't Ex. C, People v. Givens, No. 1-99-0921 at 1, 3 (Ill. App. Ct. Dec. 26, 2000).) Givens appealed both his conviction and sentence. On December 26, 2000, the Illinois Appellate Court reduced the aggravated battery sentence to five years, but affirmed the trial court's rulings in all other respects. (Id. at 7-8.)

On February 8, 2001, Givens filed a petition for leave to appeal to the Illinois Supreme Court. (See Gov't Ex. D, 2/8/01 Pet. Leave Appeal.) On April 4, 2001, the petition was denied. (See Gov't Ex. E, People v. Givens, No. 90899 (Ill. Sup. Ct. Apr. 4, 2001).) Givens did not seek leave to appeal to the United States Supreme Court.

On September 13, 2001, Givens filed a petition for post-conviction relief. (See Gov't Ex. F., 9/13/01 Pet. Post-Conviction Relief.) The petition was denied on October 26, 2001. (See Gov't Ex. G, Givens v. People, No. 98 CR 16977 (Circuit Ct. Cook County Nov. 6, 2001).) Givens did not appeal the denial of his petition for post-conviction relief.

## Discussion

Givens raises three claims in this proceeding: (1) the state court erred in convicting him for both robbery and aggravated battery because the convictions were based on the same conduct; (2) the state court erred when it enhanced his sentence because of his prior convictions; and (3) the witness identifications should have been suppressed because they were the product of a suggestive show-up. Givens is only eligible for habeas relief on these claims if his federal rights were violated in the state criminal process and he fairly apprised the state courts of the violation but they failed to take corrective action. Haas v. Abrahamson, 910 F.2d 384, 389 (7th Cir. 1990); Verdin v. O'Leary, 972 F.2d 1467, 1473 (7th Cir. 1992).

As an initial matter, the first two claims, as phrased by Givens, do not implicate any federal right. Rather, they express Givens' belief that his convictions and sentences violate various tenets of Illinois law. To the extent Given's first two claims are grounded solely in state law, they are not cognizable in a habeas proceeding. See 28 U.S.C. § 2254(a) ("[A] . . . court shall entertain an

application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.")

Even if we construe these claims as federal constitutional challenges, we could only consider them if they were fairly presented to the state court for decision. Givens fairly presented these claims if he: (1) relied on federal cases employing a constitutional analysis or state cases applying a constitutional analysis to a similar factual situation; (2) asserted the claim in terms that evoked a specific constitutional right; or (3) alleged a fact pattern that is "well within the mainstream of constitutional litigation." Verdin, 972 F.2d at 1473-74 (internal quotation marks and citation omitted). As the portion of his appellate brief devoted to these claims demonstrates, Givens did neither. He did not cite any case, state or federal, that employed a constitutional analysis, he did not frame his arguments in a way that evokes a specific constitutional right, and he did not allege a fact pattern within the mainstream of constitutional litigation. Thus, even if we construed Givens' first two claims as constitutional challenges, we could not review them because they were not fairly presented to the state court for decision.[1]

Givens' last claim, however, the challenge to the show-up, was fairly presented. Though Givens cited no federal law in support of that claim in his appellate brief, the state cases he cited employed a federal constitutional analysis. Moreover, the substance of his argument, that he was identified as the robber solely because the police used a suggestive identification procedure, plainly

---

[1] Givens could avoid this procedural default by showing cause for and prejudice from failing to present these claims to the state court or that this Court's failure to consider his claims would lead to a fundamental miscarriage of justice. Oliver v. United States, 961 F.2d 1339, 1341 & n.2 (7th Cir. 1992). He has done neither.

-3-

evokes the due process clause. In short, Givens' show-up claim implicates a federal constitutional right and was fairly presented to the state court for decision. It is, therefore, a proper subject for habeas review.

Our review of the merits of this claims is controlled by section 2254, which provides:

> (d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
>> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by . . . a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by the State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

The "contrary to" clause of section 2254(d)(1) applies only to questions of law. Lindh v. Murphy, 96 F.3d 856, 868-69 (7th Cir. 1996), rev'd on other grounds, 521 U.S. 320 (1997). It requires federal courts "to give state courts' opinions a respectful reading, and to listen carefully to their conclusions, but when the state court addresses a legal question, it is the law 'as determined by the Supreme Court of the United States' that prevails." Id. at 869 (quoting section 2254(d)(1)). The "unreasonable application" clause of section 2254(d)(1) applies to mixed questions of law and fact. Id. at 870. It "restricts the grant of collateral relief to cases in which the state's decision reflects 'an unreasonable application of' the law" to the facts. Id. (quoting section 2254(d)(1)). Section

2254(e)(1) applies only to factual determinations, which are presumed correct unless rebutted by the petitioner with clear and convincing evidence.

Whether an identification procedure is constitutional is a mixed question of law and fact. Sumner v. Mata, 455 U.S. 591, 597 (1982) (*per curiam*). But the factual findings that underlie the constitutionality determination "are governed by the statutory presumption [of correctness]." Id. Thus, we can grant Givens habeas relief only if the state court's determination that the show-up procedure was permissible was an unreasonable application of federal law to the presumptively correct facts found by the court.

The state court analyzed the issue as follows:

> The trial court may admit evidence of a show-up identification if the proponent establishes the reliability of the identification. To determine reliability the court should consider "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." Manion, 67 Ill.2d at 571.
>
> [The victim and her sister] both had excellent opportunities to see the robber before and during the attack in a well-lit parking lot while they directed their attention to the robber and the struggle. They unhesitatingly identified defendant as the robber less than 5 minutes after the attack. The brief lapse of time justified the absence of a physical description. Manion, 67 Ill.2d at 572. Here, as in Manion, the court properly found the show-up identification reliable and admissible.

(Gov't Ex. C, People v. Givens, No. 1-99-0921 at 4-5 (Ill. App. Ct. Dec. 26, 2000).)

Though its decision was couched in terms of reliability, the state court applied the controlling legal standard for determining the constitutionality of a show-up. See Neil v. Biggers, 409 U.S. 188, 199-200 (1972) (determining constitutionality of identification procedure requires evaluation of totality of the circumstances including "the opportunity of the witness to view the criminal at the

-5-

time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation"). Moreover, the presumptively correct findings of fact underlying the court's decision, i.e., the victim and her sister had an excellent opportunity to see the robber during the crime, they directed their attention to him during the struggle and "unhesitatingly identified [Givens] as the robber less than 5 minutes after the attack," stand unrebutted. Given the applicable law and the facts as the court found them, its determination that the show-up procedure was not unduly suggestive was not an unreasonable application of clearly established federal law. Accordingly, Givens is not entitled to habeas relief on his show-up claim.

## Conclusion

For the reasons set forth above, Givens' petition for a writ of habeas corpus is denied and this case is dismissed with prejudice.

**ENTER:**

UNITED STATES DISTRICT JUDGE

DATED: 9-19-02